UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL ANDREW PETERSON, #1828516,

        Plaintiff,

v.                                                                                    ACTION NO. 2:23cv346

HAROLD W. CLARKE,

        Defendant.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Michael Andrew Peterson's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke ("respondent"). ECF Nos. 1, 12. This matter was referred to the undersigned. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### I.    STATEMENT OF THE CASE

Plaintiff Michael Andrew Peterson ("Peterson"), a Virginia inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Virginia on July 10, 2023, and the petition was transferred to this Court on July 13, 2023. ECF Nos. 1–3. Peterson challenges his convictions for rape, abduction, two counts of sodomy, wounding in the commission of a felony, possession with intent to manufacture, sell, and distribute a controlled substance, and assault and battery, following a jury trial in the Circuit Court for the City of Fredericksburg on October 3, 2018. ECF No. 1, at 1; ECF No. 14-

1, at 1; *Commonwealth v. Peterson*, Nos. CR 17001406-00–1407-00, CR1800039-00–40-00, CR1800042-00–43-00, and CR18000537-00 (Va. Cir. Ct. Feb. 4, 2019). Peterson was sentenced on February 4, 2019, to 59 years and 12 months in the Virginia penal system, with 21 years and 12 months running concurrently. ECF No. 14-1, at 2–3.

Peterson's appeal of his convictions to the Court of Appeals of Virginia was denied in a *per curiam* order on October 4, 2019, which was upheld by a three-judge panel of the court on December 17, 2019. ECF No. 14-2, at 70–74, 80; *Peterson v. Commonwealth*, No. 0437-19-2 (Va. Ct. App. Dec. 17, 2019) (holding the trial court did not abuse its discretion by allowing the Commonwealth to introduce evidence of prior bad acts). The Supreme Court of Virginia refused Peterson's petition for appeal on August 26, 2020. ECF No. 14-2, at 94; *Peterson v. Commonwealth*, No. 200045 (Va. Aug. 26, 2020).

Peterson filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on August 31, 2021, alleging ineffective assistance of trial and appellate counsel. ECF No. 14-4, at 69–80. The Supreme Court of Virginia denied the petition on July 8, 2022, and denied Peterson's petition for rehearing on October 3, 2022. ECF No. 14-5, at 1–21; ECF No. 14-6.

On July 10, 2023, Peterson filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Peterson asserts his 5th, 6th, and 14th Amendment rights were violated, he was denied effective assistance of counsel, and he was denied due process. *Id.*

On August 21, 2023, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support. ECF Nos. 12–14. Peterson filed an opposition to the motion to dismiss on September 11, 2023. ECF No. 18.

## II. ANALYSIS

**A.     Peterson's federal habeas petition is barred by the statute of limitations.**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

The Supreme Court of Virginia refused Peterson's appeal of his convictions on August 26, 2020. ECF No. 14-2, at 94. Peterson's convictions became final 150 days[1] later, on January 25, 2021, the last day he could file a petition for a writ of certiorari in the United States Supreme Court. *See* U.S. Sup. Ct. R. 13(1), (3). Peterson's one-year federal limitations period began to run on January 25, 2021, and, absent tolling, expired on January 25, 2022.

---

[1] *See* U.S. Sup. Ct. Order, 594 U.S. ___ (July 19, 2021) (order entered pursuant to the COVID pandemic extending the deadline for filing a petition for a writ of certiorari from 90 to 150 days for those judgments or orders denying discretionary review issued from March 19, 2020, to July 19, 2021).

3

**B.     Statutory tolling applies, but does not extend Peterson's limitations period to the date he filed his federal petition.**

Under section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although properly filing a petition for a writ of habeas corpus in state court tolls the federal limitations period, it does not restart the one-year period. *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

Peterson filed his state habeas petition on August 31, 2021,[2] after 218 days of his federal limitations period had run under section 2244(d)(1)(A). ECF No. 14-4. The Supreme Court of Virginia denied his petition for rehearing on October 3, 2022, and the 147 days remaining in his federal limitations period began to run. ECF No. 14-5. Therefore, Peterson's federal limitations period expired on February 27, 2023, four months prior to July 7, 2023, when he deposited his federal petition in the prison mailroom.[3] ECF No. 1, at 18. Accordingly, while statutory tolling does apply to Peterson's federal limitations period, his petition was not timely filed.

---

[2] Peterson submitted an affidavit to the Supreme Court of Virginia indicating that two copies of his state petition, along with a money order for the filing fee, were deposited in the prison mail room on August 20, 2021. ECF No. 14-4, at 81. Tolling the federal statute of limitations from August 20, 2021, through October 3, 2022, would still result in a deadline of March 10, 2023, to timely file the federal petition. Peterson's federal petition was not deposited in the prison mailroom until July 7, 2023. ECF No. 1, at 18; ECF No. 7.

[3] Peterson submitted a notice indicating that his federal petition and filing fee were deposited in the mailroom for forwarding to the Court by certified mail on July 7, 2023, and attached paperwork to substantiate this claim. ECF No. 7.

4

C. **Peterson is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Peterson presents no arguments in his petition or opposition to the motion to dismiss that would entitle him to equitable tolling. *See* ECF No. 1, at 14–15; ECF No. 18, at 1, 43. Accordingly, Peterson's federal habeas petition is barred by the statute of limitations.

### III.  RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### IV.  REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the

Federal Rules of Civil Procedure).

    2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                           /s/
                                                      Robert J. Krask
                                                  United States Magistrate Judge

Norfolk, Virginia
October 27, 2023